## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

IN RE:
**ERIC R. GALLITE**

**No. 19-41566**

**Debtor**

**Chapter 13**

---

**LONNIE SWEITZER**

    **Plaintiff**

**Adversary No. _____**

**vs.**

**ERIC R. GALLITE**

    **Defendant**

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff, Lonnie Sweitzer ("Plaintiff"), brings this complaint to determine the dischargeability of the debt owed to him under 11 U. S. C § 523 (a) (3) and (6) and as grounds for the complaint states:

1.     Plaintiff is a resident of the State of Ohio.

2.     Defendant is resident of the State of Ohio, and is a debtor in a Chapter 13 Proceeding No. 19-41566 filed on August 24, 2019.

3.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157 and 1334 (b) because a complaint to determine dischargeability of debt is a proceeding arising under Title 11. Additionally, this Court has jurisdiction to decide Plaintiff's claim to recover the debt under to 28 U.S.C. §157 1334 (b) because that claim is related to a case under Title 11. This is a core proceeding under 28 U.S.C. §157 1334 (b) (2) (I) because it seeks a determination as to the dischargeability of particular debts.

4. On or About November of 2018, Plaintiff and Rebuild 911, LLC, "Rebuild," entered into a contract, a copy of which was retained by Rebuild. Wherein Rebuild was to repair substantial damages which resulted from a fire at Plaintiff's residence located at 2213 Gardenland Avenue, Niles, Ohio 44446. Rebuild was to provide the materials and labor necessary to repair Plaintiff's residence after a fire loss.

5. Plaintiff paid to Rebuild the sum of $26,000.00

6. Said transaction is a consumer transaction, as defined in Ohio Revised Code §1345.01(A).

7. Defendant is the President and upon information and belief, the majority or sole shareholder in Rebuild. Defendant's control of Rebuild is total, and the corporation has no separate mind or existence of its own. Said control over the corporation was exercised in such a manner as to commit fraud upon Plaintiff. Injury and unjust loss resulted to Plaintiff due to Defendant's actions.

8. Further, Defendant is a corporate office of Rebuild and is personally liable for violations of Ohio Statutes, and other actions of Rebuild

9. Defendant has or will utilize the corporate existence of Rebuild to perpetuate a fraud or other unlawful activity on Plaintiff. Plaintiff therefore believes that this case is an appropriate one to pierce the corporate veil, holding Defendant personally liable for the actions of Rebuild as set forth herein.

10. Rebuild improperly installed a wall, improperly installed entry doors, and improperly installed attic steps, but the Defendant never went back to the Plaintiff's home, never completed the work, and never purchased sufficient building materials to do the remodeling work the Defendant promised.

11. Rebuild failed to complete services and perform services in a workmanlike manner.

12.      Plaintiff identified the non-conformities and other issues set forth above to Defendant and demanded that Defendant complete services in a timely and workmanlike manner and that Defendant adequately address all other issues, but Defendant did not, and Defendant retained the money paid by Plaintiff.

13.      Because Rebuild never returned to complete the work, the Plaintiff had to retain others to complete the work and Plaintiff had to repair the damage Rebuild did to the Plaintiff's home forcing him to incur additional expenses.

14.      Although having been paid by Plaintiff, Rebuild failed to pay one or more subcontractors which resulted in a letter of demand being sent to Plaintiff by CR Electric Inc. demanding payment in the amount of $7,911.00.

15.      Further, Defendant failed to honor the express warranty and/or implied warranties to the Plaintiff.

16.      Defendant represented that Rebuild is "Bonded and Insured", but it is not.

17.      By creating the impression that Rebuild was a bonded and insured, Defendant obtained money from the Plaintiff through false pretenses. By reasonably relying on this misrepresentation, Plaintiff contracted with Rebuild to do the construction work it promised.

18.      Rebuild is in breach of a written contract.

19.      At the time that the Defendant received the $26,000.00 advance from the Plaintiff, the Defendant committed a fraud and a defalcation by failing to apply the $26,000.00 for the purchase of building materials, by failing to pay subcontractors and by failing to do the construction work he contracted to do for the Plaintiff.

20.      By representing that Rebuild was willing and capable of performing the necessary repairs, Defendant obtained money from Plaintiff through false pretenses.

21. Defendant converted the monies received from the Plaintiff for purchasing building materials and construction work for his own use and Defendant personally benefitted from such conversion.

22. Plaintiff was harmed when funds which should have been used to pay for building materials and to do the remodeling work were not used for that purpose, but were retained by the Defendant and were used for Defendant's personal benefits.

23. Defendant willfully, maliciously, and fraudulently injured the Plaintiff through his acts and conduct as set forth above.

24. After the Plaintiff filed in Trumbull County Court of Common Pleas against the Defendant, the Defendant filed a Chapter 13 Petition in the U.S. Bankruptcy Court in the Northern District of Ohio.

25. Defendant made material representations to Plaintiff and concealed material facts that he had a duty to disclose. These assertions were made falsely, with knowledge of their falsity, or with such utter disregard and recklessness as to whether they were true or false that knowledge may be inferred, with the intent of misleading Plaintiff into relying upon them. Plaintiff justifiably relied upon the representations and concealments, resulting in injury proximately caused by this reliance.

26. Defendant is in violation of Ohio Revised Code §1345.02(B)(2) for the reasons set forth herein.

27. The resulting debts to Plaintiff are debts from monies obtained by false pretenses, and false representation, or actual fraud and are not dischargeable in Defendant's bankruptcy proceeding, 11 U.S.C § 523 (a) (2) (A).

28. The debt resulting from Defendant's conversion and other actions is a debt for willful and malicious injury to the Plaintiff or to the property of Plaintiff and is not dischargeable in Defendant's bankruptcy proceeding, U.S.C. §523 (a) (6).

29. The debt resulting from Defendant's fraud while acting in a fiduciary capacity are not dischargeable in Defendant's bankruptcy proceeding, U.S.C. § 523 (a) (4)

**WHEREFORE,** Plaintiff requests the following relief:

~ That the debt owed by the Defendant to Plaintiff be declared non-dischargeable under 11 U.S.C. § 523 (a) (2) (A), § 523 (a) (4), and/or § 523 (a) (6).

~ That Plaintiff be awarded the treble damages in the amount of $78,000.00 pursuant to the Ohio Consumer Sales Practice Act.

~ That Plaintiff be awarded judgment against Defendant in an amount to be proved at trial by Plaintiff, together with such sums as to which Plaintiff may be entitled.

Respectfully submitted,

Timothy F. George (0037254)
Atty. Tim George & Assoc. Co. LPA
Attorneys for Lonnie Sweitzer
1029 Youngstown-Warren Rd.
Niles, OH  44446
(330) 652-8000
(330) 652-8053 FAX
timgeorge@timgeorgelaw.com