**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:36 PM March 13, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ERIC R. GALLITE, | ) | CASE NO. 19-41566 |
| | ) | |
| Debtor. | ) | ADV. NO. 19-04041 |
| _____ | ) | |
| LONNIE SWEITZER, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| ERIC R. GALLITE. | ) | |
| | ) | |
| Defendant. | ) | |

The court must determine whether it has authority to enter final orders or judgment in this adversary proceeding.

Lonnie Sweitzer ("Plaintiff") filed this adversary proceeding against chapter 13 debtor Eric R. Gallite ("Defendant") on December 2, 2019. The complaint sets forth several state law claims relating to Rebuild 911, LLC's ("Rebuild") alleged failure to properly repair Plaintiff's residence. Plaintiff's claims include breach of contract, breach of warranty, fraud, and violation of Ohio's Consumer Sales Practices Act. Defendant is the president and sole shareholder of

Rebuild, and Plaintiff seeks to pierce Rebuild's corporate veil and hold Defendant personally liable for Rebuild's actions. The complaint also seeks (i) money damages in the amount of $78,000, and (ii) a determination that Defendant's actions give rise to a non-dischargeable debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).

Plaintiff filed an amended complaint on December 10, 2019, expressly consenting to this court's entry of final orders or judgment. On December 29, Defendant filed an answer to the complaint, but did not state whether he consents to entry of final orders or judgment. The court held a pretrial conference on February 5, 2020. The next day, the court entered on order instructing Defendant to amend his answer by no later than February 19 and specify whether or not he consents to the entry of final orders by this court. (ECF No. 9.) Defendant has failed to amend his answer as instructed.

Bankruptcy courts have authority to enter final orders and judgments in "core proceedings." 28 U.S.C. § 157(b)(1). The Sixth Circuit has defined a core proceeding as "one that either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." Bavelis v. Doukas (In re Bavelis), 773 F.3d 148, 156 (6th Cir. 2014) (citations and quotation marks omitted). A non-exhaustive list of what constitutes a core proceeding is located in 28 U.S.C. § 157(b)(2). A proceeding to determine the dischargeability of a debt is included on this list. 28 U.S.C. § 157(b)(2)(I).

"Noncore proceedings, in contrast, are those causes of action that (1) are not identified as a core proceeding under 28 U.S.C. § 157(b)(2), (2) existed prior to the filing of the bankruptcy case, (3) would continue to exist independent of the provisions of Title 11 of the United States Code, and (4) are not significantly affected as a result of the filing of the bankruptcy case." Bavelis, 773 F.3d at 156 (citations omitted). In non-core proceedings, the court may not enter final orders unless the parties consent to the court's authority. 28 U.S.C. § 157(c)(2). In adversary proceedings, parties are required to state whether or not they consent to entry of final orders or judgment by the bankruptcy court. Fed. R. Bankr. P. 7008; 7012(b).

In Wellness Int'l Network v. Sharif, 135 S. Ct. 1932, 1947 (2015), the Court explained that nothing in the Constitution nor 28 U.S.C. § 157 mandates "express" consent. Consent can be implied; however, "a litigant's consent—whether express or implied—must still be knowing and voluntary. Roell makes clear that the key inquiry is whether 'the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case' before the non-Article III adjudicator." Wellness, 135 S. Ct. at 1948 (quoting Roell v. Withrow, 538 U.S. 580, 590 (2003)). "'[N]otification of the right to refuse' adjudication by a non-Article III court 'is a prerequisite to any inference of consent[.]'" Wellness, 135 S. Ct. at 1948 (quoting Roell, 538 U.S. at 588, n. 5).

Plaintiff's dischargeability claims are core proceedings under 28 U.S.C. § 157(b)(2)(I). Plaintiff's remaining state law claims are also core proceedings because they are resolvable by a ruling on Plaintiff's proof of claim in Defendant's bankruptcy case. See, e.g., Hart v. Southern Heritage Bank (In re Hart), 564 F. App'x 773, 777 (6th Cir. 2004) (affirming that bankruptcy court had constitutional and statutory authority to enter final money judgment in dischargeability action).

Even if some of Plaintiff's claims are non-core, Defendant has consented to this court's authority to enter final orders or judgment. In this case, the scheduling order instructed Defendant to amend his answer and specify whether or not he consents, but Defendant failed to do so. Furthermore, Defendant is the debtor in the underlying bankruptcy case, which implies his consent to entry of final orders by this court in adversary proceedings. See, e.g., Zellers v. Gomoll (In re Gomoll), 580 B.R. 875, 879 (Bankr. N.D. Ohio 2015) ("The Court can think of no more knowing and voluntary consent than filing a voluntary bankruptcy petition.").

Accordingly, the court finds that it has authority to enter final orders and judgment on each of Plaintiff's claims.

#     #     #

**Service List:**

Timothy F. George
Atty. Tim George & Associate Co., LPA
1029 Youngstown-Warren Road
Niles, OH 44446

James Vivo
755 Boardman-Canfield Road
Suite M-1
Youngstown, OH 44512